IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MICHELLE R. KANE,

    Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC.,
  et al.

    Defendants.

Case No.: GJH-18-12

## MEMORANDUM OPINION

Plaintiff Michelle R. Kane brings this *pro se* action against Defendants Bayview Loan Servicing, LLC ("Bayview"), U.S. Bank National Association, as Trustee for Bayview Opportunity Master Fund IIIA REMIC Trust 2014-21NPL1 ("U.S. Bank"), and BWW Law Group, LLC ("BWW") (collectively, "Defendants")[1] under various federal and state consumer protection laws following Defendants' attempt to collect a mortgage loan debt and foreclose upon Plaintiff's residence. Now pending before the Court are Defendants' Motions to Dismiss. ECF Nos. 5 (BWW); 6 (Bayview/U.S. Bank). No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motions are granted.

---

[1] The Clerk is instructed to update the docket to reflect the named defendants as listed above. Furthermore, while Plaintiff's Complaint names David Solan, Esq. *et al.*, it appears that Plaintiff intends to bring this action against all personnel employed by BWW, including Solan.

1

## I. BACKGROUND[2]

On January 17, 2008, Plaintiff executed a refinance mortgage loan with M-Point Mortgage Services, LLC, with an original principal amount due of $239,540 (the "Loan"). The Loan and associated promissory note (the "Note"), were secured by a Refinance Deed of Trust ("Deed of Trust") against Plaintiff's real property located at 1009 Carrington Avenue, Capitol Heights, Maryland 20743 (the "Property"). ECF No. 6-3; 6-4. Thereafter, the Note and Deed of Trust were transferred and assigned to BAC Home Loans Servicing LP and then Bank of America, N.A., ECF Nos. 6-5; 6-6. On March 24, 2014, the Note and Deed of Trust were assigned to the Secretary of Housing and Urban Development ("HUD"), with Bayview designated as the Loan servicer. ECF No. 6-7; ECF No. 1-2 (notice to Plaintiff stating that Bank of America is transferring the servicing of the Loan to Bayview). On July 1, 2014, the Note and Deed of Trust were assigned to Bayview. ECF Nos. 6-8; 6-3. It appears that the Note was "securitized" pursuant to a pooling and servicing agreement between HUD and Bayview, though Plaintiff disputes the validity of this agreement. *See* ECF No. 1 ¶ 34; *see also* ECF No. 1-6 (Plaintiff indicating that Bayview purchased pools of mortgages in default from HUD for "pennies on the dollar"). Thereafter, Bayview, as servicer of the Loan, informed Plaintiff that U.S. Bank was the associated creditor. *See, e.g.*, ECF No. 1-4 (Bayview informing Plaintiff that the Loan was transferred to a new creditor, U.S. Bank); *see also* ECF No. 6-9 (Appointment of Substitute Trustees listing U.S. Bank as the holder of the Note and Deed of Trust).

---

[2] Plaintiff's Complaint sets forth a number of allegations related to a purported securitization of Plaintiff's mortgage loan without providing the factual details necessary to make sense of her claims. While these supporting documents are integral to Plaintiff's Complaint and interspersed throughout the attachments filed with it, the Court will take judicial notice of the associated public and state court records attached to Defendants' Motion to Dismiss, ECF No. 6-1. *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.")); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Apart from these records, the facts are taken from the Complaint and assumed to be true.

On June 25, 2014, Bayview sent Plaintiff a Notice of Default and Intent to Accelerate, asserting that Plaintiff defaulted on her loan on August 1, 2011. ECF No. 1-10. On July 26, 2016, Plaintiff received a letter from BWW, informing her that BWW had been retained to provide legal services in connection with enforcement of the Deed of Trust. ECF No. 1-19. On November 1, 2016, Substitute Trustees assigned by U.S. Bank filed an Order to Docket a Foreclosure in the Circuit Court for Prince George's County, Maryland, Case No. CAEF16-40119 ("Foreclosure Action").[3] On March 9, 2017, the circuit court denied Plaintiff's motion to stay and dismiss the Foreclosure Action. ECF No. 6-13. Plaintiff then attempted to remove the Foreclosure Action to this Court, but the action was remanded back to the circuit court. *See Ward v. Kane*, No. GJH-17-0553, 2017 WL 1483343 (D. Md. Apr. 21, 2017). Thereafter, Plaintiff filed Exceptions to Sale pursuant to Maryland Rule 14-305 challenging U.S. Bank's standing to foreclose and sought to have the March 7, 2017 foreclosure sale declared void. ECF No. 6-14. On November 22, 2017, the circuit court ordered the Foreclosure Action to continue in due course, finding that Plaintiff's Exceptions did not "identify any legitimate procedural irregularity regarding the [prior] foreclosure sale." ECF No. 6-16. Plaintiff then filed the instant suit against Defendants, asking the Court to "void the illegal foreclosure, sale, ratification, and eviction" and award damages in the amount of $20 million pursuant to the following federal and state consumer protection laws: Count I – Fair Debt Collection Practices Act ("FDCPA"); Count II – Maryland Consumer Debt Collection Act ("MCDCA"); and Count III – Real Estate Settlement Procedures Act ("RESPA"). *See* ECF No. 1 ¶¶ 10, 115.

---

[3] The Substitute Trustees are employees of BWW. ECF No. 5-1 at 2; *see also* ECF No. 6-9 (Appointment of Substitute Trustees)

## II. STANDARD OF REVIEW

A "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Linlor v. Polson*, 263 F. Supp. 3d 613, 618–19 (E.D. Va. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (internal quotations omitted). However, the Court may not ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 390–91 (4th Cir. 1990). The Court may not act as the *pro se* plaintiff's advocate and develop claims that she failed to clearly raise. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, to overcome a Rule 12(b)(6) motion, a *pro se* complaint must still allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the sufficiency of the complaint, the Court accepts factual allegations in the complaint as true and construes the factual allegations in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

## III. DISCUSSION

Plaintiff's thirty-six page Complaint contains a litany of convoluted allegations and legal conclusions related to Defendants' attempts to service and collect Plaintiff's debt. It appears that

the gravamen of Plaintiff's Complaint is that the securitization of her loan and transfer of the Title and Deed of Trust from HUD to Bayview was somehow invalid, and the recorded documents pertaining to the transfer provide insufficient proof of Bayview's legal interest. Therefore, Defendants allegedly do not have a legal interest in the underlying mortgage and have attempted to collect a "non-existing" debt. *See* ECF Nos. 1 at 8; 1 ¶ 45 (noting that Plaintiff's credit history reflecting a debt to Bayview "is not factual data because the debt is not owed to Bayview or US Bank").[4] Notably, Plaintiff points to a HUD training presentation, ECF No. 1-21, and alleges that because her loan did not qualify for "the Preferred Pooling Eligibility," U.S. Bank cannot be the owner of the loan. ECF No. 1 ¶ 65.

### A. Collateral Attack on the Foreclosure Action

Defendants argue that Plaintiff's suit is an impermissible collateral attack on the Foreclosure Action. ECF No. 6-1 at 12. While Plaintiff asserts that she "is not attacking the foreclosure, she is attacking the fraud," ECF No. 10 at 2, Plaintiff's principal allegation is that Defendants do not have a legal interest in the Note and Deed and, therefore, the Court should "void the illegal foreclosure, sale, ratification, and eviction" of the Property. *See* ECF No. 1 ¶ 25 (alleging that Bayview "lack standing to foreclose on said property" because it claims to be the servicer for a non-existent trust). This is, in essence, an attack on the validity of the underlying Foreclosure Action.

In Maryland, a plaintiff may challenge a foreclosure sale by 1) filing a motion to stay or dismiss a pending foreclosure sale to challenge the right of the lender to foreclose pursuant to Md. Rule 14-211; 2) raising post-sale procedural irregularities pursuant to Md. Rule 14-305(d) (*i.e.*, Exceptions to the Sale); or 3) challenging the post-sale audit. *See Thomas v. Nadel*, 48 A.3d

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

276, 277–78 (Md. 2012). The circuit court has twice considered and rejected the same arguments that Plaintiff puts forth in this action. On November 29, 2016, Plaintiff moved to dismiss the Foreclosure Action pursuant to Md. Rule 14-211, challenging the successive assignments of the Deed, chain of title, and alleging that Defendants did not have a legal interest in the Property. ECF No. 6-11. On March 7, 2017, the circuit court denied Plaintiff's motion on the merits. ECF No. 6-13. Thereafter, on July 19, 2017, Plaintiff filed Exceptions to the Sale pursuant to Rule 14-305, again challenging Defendants' standing to pursue the Foreclosure Action. ECF No. 6-14. On November 22, 2017, the Circuit Court overruled Plaintiff's Exceptions, finding that Plaintiff did not identify any legitimate procedural irregularity regarding the foreclosure sale that occurred on March 7, 2017, and ordered the Foreclosure Action to continue in due course. ECF No. 6-16.

"The Maryland courts and this Court, applying Maryland law, have consistently held that *res judicata* bars collateral attacks on foreclosure judgments entered in the Circuit Courts." *See Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (holding that plaintiff could not re-litigate claims to title over a property that were resolved in a state court foreclosure proceeding) (citations omitted). While the circuit court did not consider Plaintiff's claims under FDCPA, MCDCA, and RESPA filed herein, Plaintiff is attempting to re-litigate whether Defendants' had a legal interest in the underlying loan. *See, e.g.* ECF No. 6-11 ¶ 23 (Plaintiff arguing that Bayview Opportunity Master Fund IIIA REMIC Trust 2014-21NPL1 "is not a valid Trust and does not exist"). As these issues have been resolved by the circuit court, Plaintiff's claims related to whether Defendants may collect upon Plaintiff's debts through the Note and Deed of Trust are barred by *res judicata*.[5] Additionally, because

---

[5] Although Defendants do not invoke the doctrine of *res judicata* or issue preclusion by name, the Court construes Defendants' collateral attack argument as such. For issue preclusion to apply:

6

Plaintiff was not a party or an intended third-party beneficiary to the pooling and servicing agreement underlying the securitization of her loan, Plaintiff is unable to challenge whether Bayview or U.S. Bank has a legal interest in the Property. *See Bell v. Clarke*, No. TDC-15-1621, 2016 WL 1045959, at *3 (D. Md. Mar. 16, 2016) (holding that plaintiff did not have standing to amount a direct attack on the transfer of his note and deed of trust under a pooling and servicing agreement even if the alleged fraud or errors in assignment rendered the agreement voidable (citing *Julian v. Buonassissi*, 997 A.2d 104, 119–20 (Md. 2010)); *see also id.* ("Such a transfer affects the rights and obligations of the parties to the transfer, not [plaintiff], whose obligation to make monthly payments remains"). Therefore, Plaintiff's claims for injunctive relief or damages based on Defendants' standing to collect upon the debt will be dismissed with prejudice.

### B. FDCPA Claim (Count I)

To the extent that Plaintiff raises any legitimate FDCPA claims beyond her claim that Defendants did not have standing to collect upon the debt, those claims are barred by the FDCPA's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs."). "Generally, the statute of limitations begins to run when a communication violating the FDCPA is sent." *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F. Supp. 2d 492, 501 (D. Md. 2004). Plaintiff filed her Complaint on January 2, 2018 and may therefore only

---

"1) the issue decided in the prior adjudication must be identical to the one presented in the present action; (2) there was a final judgment on the merits in the first action; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the plea is asserted was given a fair opportunity to be heard on the issue in the first action. "
*See Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *4 (D. Md. Feb. 3, 2011) (citing *Culver v. Md. Ins. Comm'r*, 931 A.2d 537 (Md. 2007). Here, the circuit court found that Defendants could enforce the Note and Deed of Trust, and Plaintiff was given an opportunity to be heard. While the circuit court had not ratified the foreclosure sale at the time of Plaintiff filing the instant action, the circuit court's denial of Plaintiff's motion to dismiss an order to docket a foreclosure is sufficient to invoke issue preclusion. *See id.* (citing *DeCosta v. U.S. Bancorp*, No. DKC 10-0301, 2010 WL 3824224, at *7 (D. Md. Sept.27, 2010)).

bring a claim for conduct that occurred after January 2, 2017. Whatever "false or misleading representations" that Defendants purportedly made to Plaintiff, it is clear that all of these representations occurred before January 2, 2017. The latest representation from any Defendant, misleading or not, appears to have been sent on August 19, 2016. *See* ECF No. 1-24 (BWW Verification of Debt Letter). Further, the latest piece of information uncovered by Plaintiff that could have shed light on Defendants' purported false or misleading representation was sent to Plaintiff on November 10, 2016. *See* ECF No. 1-25 (Securities and Exchange Commission Freedom of Information Request No. 17-00489-FOIA).

Plaintiff urges the Court to apply the discovery rule to account for "recent information from HUD" that supports her claims. ECF No. 10 at 3. However, nothing in the Complaint suggests that Plaintiff obtained any new information that brought to light any facts supporting new FDCPA violations. Rather, Plaintiff's allegations are rooted in various letters sent to Plaintiff prior to January 2, 2017. *See Moussavi v. JPMorgan Chase Bank N.A.*, No. GJH-15-2094, 2016 WL 4442777 at *8 (D. Md. Aug. 19, 2016) (dismissing FDCPA claim on statute of limitations grounds because the limitations period only resets upon new and discrete violations, not a continued effort to collect the underlying debt (citing *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 316–17 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014)). Therefore, Plaintiff's FDCPA claims are barred by the statute of limitations and will be dismissed with prejudice.

### C. MCDCA and RESPA Claims (Counts II, III)

Plaintiff's MCDCA claim appears to be directed at BWW, alleging that they are engaging in unlicensed debt collection activities in violation of the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Bus. Reg. § 7-101 *et seq.* ECF No. 1 ¶ 109. While engaging in

collection activities without having first obtained a collection agency license may support a MCDCA claim, *see Fontell v. Hassett*, 870 F. Supp. 2d 395, 410 (D. Md. 2012), Maryland-licensed attorneys are statutorily exempt from MCALA's licensing requirements. *See* Md. Code Bus. Reg. § 7-102(b)(9).[6] Although Plaintiff asserts that BWW and the Substitute Trustees do not have a license, the Complaint shows that this statutory exception applies because all alleged interactions with BWW were with attorneys collecting a debt for their client. *See, e.g.,* ECF No. 1-24 (Verification of Debt Letter from Jacob Geesing, Esq., on behalf of BWW, to Plaintiff); *see also Murray v. Bierman, Geesing, Ward & Wood, LLC*, No. RWT 11CV1623, 2012 WL 4480679, at *5 (D. Md. Sept. 27, 2012) (dismissing MCALA-related claims because, among other reasons, "MCALA's licensing requirement does not apply to lawyers collecting debts for clients . . . It is undisputed that the trustee Defendants are attorneys, bringing them squarely within the exemption from MCALA's licensing requirements.").

Plaintiff's RESPA claim appears to be directed at Bayview and U.S. Bank, alleging that they violated RESPA "with their deceitful and unfair practices and false representation of being the Owner and Servicer of Plaintiff's Mortgage and Note when they knew they weren't." ECF No. 1 ¶ 112. This claim appears to be another collateral attack on Defendants' legal interest in the Note and Deed of Trust, which has already been resolved by the circuit court in the Foreclosure Action. *See supra* III.A.

Plaintiff's RESPA claim also cites the RESPA loss mitigation procedures set forth in 12 CFR § 1024.42(f)iii, which the Court presumes was intended to be cited as § 1024.42(f)(1)iii. This provision provides that a servicer shall not make the first notice or filing required by

---

[6] Md. Code Bus. Reg. § 7-102(b)(9) provides that MCALA does not apply to "a lawyer who is collecting a debt for a client, unless the lawyer has an employee who: (i) is not a lawyer; and (ii) is engaged primarily to solicit debts for collection or primarily makes contact with a debtor to collect or adjust a debt through a procedure identified with the operation of a collection agency."

applicable law for any judicial or non-judicial foreclosure process unless the servicer is joining the foreclosure action of a superior or subordinate lienholder. Though Plaintiff's pleadings do not expand upon this requirement, it appears that Plaintiff is alleging that Bayview, as the loan servicer, sent her a Notice of Intent to Foreclose on June 25, 2014, ECF No. 1-10, but did not join the Foreclosure Action. However, pursuant to § 1024.42(f)(1)i, a servicer may send such correspondence if the "borrower's mortgage loan obligation is more than 120 days delinquent." Because Plaintiff's Complaint indicates that she defaulted on her loan in 2011, Plaintiff has not plausibly alleged that Bayview violated RESPA's loss mitigation procedures. Therefore, Plaintiff's MCDCA and RESPA claims will be dismissed.[7] In her opposition in response to Defendants' Motions to Dismiss, Plaintiff has not indicated that her Complaint has alleged MCDCA or RESPA violations apart from Defendants' standing to collect upon the debt, BWW's MCALA license, or Bayview's compliance with 12 CFR § 1024.42(f). *See* ECF No. 10. However, Plaintiff will be given an opportunity to file an Amended Complaint if she is able to state a claim based on any MCDCA or RESPA violations not considered herein. *See, e.g., Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (noting that a plaintiff should be afforded at least one amendment regardless of how unpromising the initial pleading is, unless it appears to a certainty that plaintiff cannot state a claim). Plaintiff is reminded that pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and any attempts to reassert the litany of convoluted allegations that are unconnected from specific statutory requirements will result in dismissal of Plaintiff's Complaint with prejudice.

## IV. CONCLUSION

---

[7] Further warranting dismissal, apart from the foreclosure itself, Plaintiff has not alleged any actual damages attributed to Defendants' purported RESPA violations, or that these actions are part of a "pattern or practice" of noncompliance with RESPA's requirements. *See* 12 U.S.C. § 2605(f)(1).

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 5 and 6, shall be granted. A separate Order follows.

Dated: September 10 , 2018                                  /s/
                                                            GEORGE J. HAZEL
                                                            United States District Judge